UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr.,<br>Booking No. 13719099,<br><br>                           Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, Public<br>Defenders, et al.,<br><br>                           Defendants. | Civil No.   13cv2288 LAB (RBB)<br><br>**ORDER DISMISSING CIVIL<br>ACTION WITHOUT PREJUDICE<br>FOR FAILING TO PAY<br>FILING FEES REQUIRED<br>BY 28 U.S.C. § 1914(a) AND/OR<br>FAILING TO MOVE TO PROCEED<br>*IN FORMA PAUPERIS*<br>PURSUANT TO<br>28 U.S.C. § 1915(a)** |

David B. Turner ("Plaintiff"), currently incarcerated at George Bailey Detention Facility (GBDF) in San Diego, California, and proceeding pro se, has initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

Plaintiff alleges the County of San Diego, its Public Defenders' Office, one of his appointed defenders, and "San Diego Probation," violated his Sixth Amendment right to effective assistance of counsel, due process, and the Eighth Amendment during San Diego County Superior Court criminal proceedings held in May 2013. (Compl. at 1-5. ) Specifically, Plaintiff alleges the Public Defenders' Office had a "conflict of interest," and his appointed counsel failed to timely provide him with discovery, refused to withdraw his plea, and "told

/ / /

[him] the deal was probation," yet he was sentenced to a 3-year term. (*Id.* at 3-5.) Plaintiff seeks compensatory and punitive damages.[1] (*Id.* at 7.)

## I.

### FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, the case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1)  **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2)  **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-

---

[1] The Court takes judicial notice that Plaintiff has raised similar claims in this Court pursuant to 28 U.S.C. § 2254 without success. *See* Aug. 23, 2013 Order Dismissing Case [ECF Doc. No. 12] in *Taylor v. Does 1-5, et al.,* S.D. Cal. Civil Case No. 13cv0868 LAB (WVG); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[3]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: September 27, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full $400 in civil and administrative fees required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened by the Court and dismissed prior to service on any defendant if it fails to state a claim, is found to be frivolous, or if he seeks damages against a governmental actor or entity which is immune pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints). The Court further cautions Plaintiff that 28 U.S.C. § 1915(g) bars prisoners seeking to file civil actions or appeals IFP if they have already had three or more federal civil actions or appeals dismissed as frivolous, malicious, or for failing to state a claim, unless they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). The Court takes judicial notice of at least two previous "strikes" filed by Plaintiff: *Turner v. Metropolitan Transit System, et al.*, S.D. Cal. Civil Case No. 09cv00770 L (POR) (Nov. 20, 2009 Order Dismissing Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b) [ECF Doc. No. 6]); and *Turner v. Saunder (7294), et al.*, S.D. Cal. Civil Case No. 13cv01368 MMA (DHB) (June 18, 2013 Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b) [ECF Doc. No. 3]).