1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

| | |
|---|---|
| DAVID B. TURNER, JR.,<br>Inmate Booking No. 13719099 | Civil        13cv2288 LAB (RBB)<br>No. |
| Plaintiff, | **ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS  PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

13

14

vs.

15

16

COUNTY OF SAN DIEGO; BLAIR SOPER; SAN DIEGO PROBATION; PUBLIC DEFENDERS,

17

Defendants.

18

19

20

21

## I.    PROCEDURAL HISTORY

22

On September 23, 2013, Plaintiff, David B. Turner, Jr., currently housed at the

23

Vista Detention Facility, filed a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF

24

Doc. No. 1.)   In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP")

25

pursuant to 28 U.S.C. § 1915(a).  (ECF Doc. No. 3.)  On November 12, 2013, this Court

26

granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for

27

failing to state a claim upon which relief could be granted.  (ECF Doc. No. 4.)  Plaintiff

28

was granted forty five (45) days leave to file an Amended Complaint in order to correct

the deficiencies of pleading identified in the Court's Order.  (*Id.*)   That time frame has long since passed but the Court permitted Plaintiff to file an untimely First Amended Complaint ("FAC") on July 2, 2014.  (ECF Doc. No. 6.)

## II.	SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A

### A.	Standard

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

/ / /

/ / /

1   "[W]hen determining whether a complaint states a claim, a court must accept as
2   true all allegations of material fact and must construe those facts in the light most
3   favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting
4   that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").
5   In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi*
6   *v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important
7   in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

8           Once again, Plaintiff seeks monetary damages against Blair Soper, the Deputy
9   Public Defender appointed to represent Plaintiff in his criminal proceedings.  However,
10  a person "acts under color of state law [for purposes of § 1983] only when exercising
11  power 'possessed by virtue of state law and made possible only because the wrongdoer
12  is clothed with the authority of state law.'"  *Polk County v. Dodson*, 454 U.S. 312, 317-
13  18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Attorneys
14  appointed to represent a criminal defendant during trial, do not generally act under color
15  of state law because representing a client "is essentially a private function ... for which
16  state office and authority are not needed." *Polk County*, 454 U.S. at 319; *United States*
17  *v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly appointed
18  counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible
19  defenses, presenting evidence at trial and arguing to the jury, they do not act under color
20  of state law for section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53
21  (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468
22  (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to
23  suit under § 1983 because, so long as he performs a traditional role of an attorney for a
24  client, "his function," no matter how ineffective, is "to represent his client, not the
25  interests of the state or county.").

26          Accordingly, Plaintiff's claims against Defendant Soper must be dismissed for
27  failing to state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C.
28  § 1915(e)(2)(B)(ii) & 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

1    Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on

2  the alleged ineffectiveness assistance of his trial counsel, his claim amounts to an attack

3  on the validity of his underlying criminal proceedings, and as such, is not cognizable

4  under 42 U.S.C. § 1983 unless and until he can show that conviction has already been

5  invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334

6  F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has

7  fully exhausted available state remedies has no cause of action under § 1983....'")

8  (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004). *Heck* holds that

9  "in order to recover damages for allegedly unconstitutional conviction or imprisonment,

10  or for other harm caused by actions whose unlawfulness would render a conviction or

11  sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has

12  been reversed on direct appeal, expunged by executive order, declared invalid by a state

13  tribunal authorized to make such determination, or called into question by a federal

14  court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim

15  challenging the legality of a conviction or sentence that has not been so invalidated is not

16  cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

17    In *Heck*, the Supreme Court held that:

18       when a state prisoner seeks damages in a section 1983 suit, the
        district court must consider *whether a judgment in favor of the*
19       *plaintiff would necessarily imply the invalidity of his*
        *conviction or sentence*; if it would, the complaint must be
20       dismissed unless the plaintiff can demonstrate that the
        conviction or sentence has already been invalidated. But if the
21       district court determines that the plaintiff's action, even if
        successful, will not demonstrate the invalidity of any
22       outstanding criminal judgment against the plaintiff, the action
        should be allowed to proceed.
23

24  *Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be

25  dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new

26  action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

27    Here, Plaintiff's ineffective assistance of counsel claims against Soper "necessarily

28  imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*,

512 U.S. at 487. Were Plaintiff to succeed in showing that Defendant Soper rendered

1    ineffective assistance of counsel, an award of damages would "necessarily imply the

2    invalidity" of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688

3    (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's

4    performance fell below objective standard of reasonableness and that but for counsel's

5    errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956,

6    958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ

7    granting petitioner's release unless state retries him or allows him to pursue an appeal

8    with the assistance of counsel within a reasonable time).  Thus, because Plaintiff seeks

9    damages for an allegedly unconstitutional criminal proceedings in a  criminal case, and

10   because he has not alleged that his conviction has already been invalidated, a section

11   1983 claim for damages has not yet accrued.  *See Heck*, 512 U.S. at 489-90.

12         Plaintiff also names as Defendants the County of San Diego, the City of San Diego

13   Police Department and "San Diego County Jail Prison Officials."  (FAC at 2.)  An

14   agency or department of a municipal entity is not a proper defendant under § 1983.

15   *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the

16   county or city itself is the proper defendant. *See Id.*  "[A] municipality cannot be held

17   liable solely because it employs a tortfeasor – or, in other words, a municipality cannot

18   be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of*

19   *Social Services*, 436 U.S. 658, 691 (1978).  A municipality may be liable under § 1983

20   for monetary, declaratory, or injunctive relief where the constitutional deprivation was

21   caused by the implementation or execution of "a policy statement, ordinance, regulation,

22   or decision officially adopted and promulgated by that body's officers."  *Monell*, 436

23   U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S. Ct.

24   1382, 1388 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

25         To establish municipal liability, plaintiff must show:  (1) he was deprived of a

26   constitutional right; (2) the city had a policy; (3) the policy amounted to deliberate

27   indifference to plaintiff's constitutional right; and (4) the policy was the "moving force

28   behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835

1   (9th Cir. 1996); *see Board of the County Commissioners v. Brown*, 520 U.S. 397, 117 S.

2   Ct. at 1388; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Thus, in order to state

3   a § 1983 claim against the City or County of San Diego, Plaintiff must allege facts

4   showing that his injury was caused by individual officers whose conduct conformed to

5   an official city policy, custom or practice.  *See Karim-Panahi*, 839 F.2d at 624.

6         Here, Plaintiff appears to allege that these Defendants were conspiring with the

7   Deputy Public Defender appointed to defend him to violate his constitutional rights and

8   engaged in a "malicious prosecution."  (*See* FAC at 5-6.)  A complaint is frivolous

9   "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

10   319, 325 (1989).  Based on these allegations, Court finds the claims in Plaintiff's First

11   Amended Complaint  to be frivolous because they lack even "an arguable basis either in

12   law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at

13   325, 328.

14         Moreover, the Court finds that Plaintiff has not stated a § 1983 claim against the

15   City or County of San Diego because he has failed to allege any plausible facts that any

16   individual police officer's conduct conformed to an official city policy, custom or

17   practice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that FED.R.CIV.P. 8

18   "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation,"

19   and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

20   matter, accepted as true, to 'state a claim for relief that is plausible on its face.'")

21   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

22         Accordingly, the Court must DISMISS Plaintiff's First Amended Complaint for

23   all the reasons set forth above.

24   **III.   CONCLUSION AND ORDER**

25         Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

26         1.    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for

27   failing to state a claim upon which relief may be granted and as frivolous pursuant to 28

28   U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Moreover, because the Court finds amendment

1    of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.**  *See Cahill*

2    *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is

3    not an abuse of discretion where further amendment would be futile); *see also Robinson*

4    *v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since

5    plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action

6    should be dismissed without leave to amend; any amendment would be futile.") (citing

7    *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

8          2.        Further, this Court **CERTIFIES** that any IFP appeal from this Order would

9    not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United*

10   *States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)

11   (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be

12   frivolous).

13         3.        The Clerk of Court shall close the file.

14         **IT IS SO ORDERED.**

15

16   DATED:  July 10, 2014

17   _Larry A. Burns_

18   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

19

20

21

22

23

24

25

26

27

28